IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL A. GRINDEMANN and
MICHAEL STEWART,

                Plaintiffs,                            ORDER

    v.

                                                    12-cv-206-slc

SORP Director LANCE WIERSMA and
SORP Records Custodian GRACE ROBERTS,

                Defendants.

Plaintiff Michael Grindemann, a former prisoner recently released from custody, and Michael Stewart, a current prisoner at Racine Correctional Institution in Sturtevant, Wisconsin, have filed a proposed complaint under 42 U.S.C. § 1983.  Only plaintiff Grindemann has submitted a motion for leave to proceed *in forma pauperis*.  Therefore, I will construe the complaint to include a request to proceed *in forma pauperis* on behalf of plaintiff Stewart.

Although plaintiffs have joined their claims in one complaint, I note that plaintiff Stewart is a prisoner.  Accordingly, this action is subject to the 1996 Prison Litigation Reform Act and each plaintiff must pay the full $350 fee for filing the action.  *Boriboune v. Berge*, 381 F.3d 852, 856 (7th Cir. 2004).  A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act and until each plaintiff confirms, that he wishes to prosecute his action in a group complaint, understanding the consequences of doing so as explained in this order.

An initial partial payment cannot be calculated for plaintiff Stewart at this time because he has not submitted the necessary trust account statement.  The complaint in this case was submitted on March 21, 2012.  Therefore, plaintiff Stewart's trust fund  account statement should cover the six-month period beginning approximately September 21, 2011 and ending

approximately March 21, 2012. Under 28 U.S.C. § 1915(a)(2), when a prisoner is incarcerated at one or more institutions during the six-month period immediately preceding the filing of his lawsuit, he must obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the relevant period. Therefore, if plaintiff Stewart was incarcerated at in any other prison or institution between September 6, 2011 and ending approximately March 6, 2012, he will have to write to that institution to request a certified copy of his trust fund account statement for the relevant period. Once plaintiff Stewart has submitted the necessary statement and signed complaint, I will calculate his initial partial payment and advise that plaintiff of the amount he will have to pay before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2). Plaintiff Stewart should show a copy of this order to prison officials to insure that they are aware they should send a copy of his account statement to this court.

Turning to plaintiff Grindeman's request for leave to proceed *in forma pauperis,* I note that he was not in custody at the time of filing this complaint. Therefore, with respect to plaintiff Grindeman, the standard for determining whether a plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

Plaintiff Grindmann has no dependants and is not currently employed. He has no assets and minimal funds in his savings account. I conclude that he qualifies for indigent status. Therefore, plaintiff Michael Grindemann may proceed without any prepayment of fees or costs.

Plaintiffs should be aware that when two or more plaintiffs join their claims in one lawsuit, each plaintiff who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case.

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff who is a prisoner named in the caption of the action. (A prisoner litigant who incurs a total of three strikes for filing meritless actions cannot file *in forma pauperis* in any case except one in which he alleges that he is in immediate danger.)

In screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff. If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because the plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any plaintiff who does not withdraw will be responsible for the $350 filing fee and, if applicable, make an

initial payment of the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs.  Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee.  Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

ORDER

IT IS ORDERED that:

(1) Plaintiff Michael Grindemann may proceed without any prepayment of fees or costs.

(2) Each plaintiff may have until April 25, 2012, in which to advise the court whether he wishes to prosecute this action jointly.

(3) If plaintiff Michael Stewart decides to proceed with the action, he may have until April 25, 2012, in which to submit a trust fund account statement for the period beginning September 21, 2011 and ending approximately March 21, 2012.

(4) If, by April 25, 2012, either plaintiff fails to respond to this order as directed, then that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 4th day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge